**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

**Katherine A. Rykken**
Assistant U.S. Attorney
Katherine.Rykken@usdoj.gov
(503) 727-1000
*Reply to Portland Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott Erik Asphaug
Acting United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

May 26, 2021

**VIA E-MAIL**

Jamie S. Kilberg
Kauffman Kilberg LLC
jamie@kauffmankilberg.com
1050 SW Sixth Avenue, Suite 1414
Portland, OR 97204

  Re: *United States v. Alireza Zamanizadeh*
     Pre-Indictment Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office ("USAO") and defendant Alireza Zamanizadeh, also known as Ali Zamani, ("defendant"), and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to plead guilty to the Information, which charges one count of **Bank Fraud**, in violation of Title 18, United States Code, Section 1344, and one count of **Aggravated Identity Theft**, in violation of Title 18, United States Code, Section 1028A.

3. **Penalties**: **Bank Fraud** carries a statutory maximum sentence of 30 years' imprisonment, a maximum fine of $1,000,000, a maximum term of three years' supervised release, and a $100 fee assessment. **Aggravated Identity Theft** carries a mandatory consecutive sentence of two years' imprisonment, a maximum fine of $250,000, one year of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

Jamie Kilberg
Re: Zamani Pre-Indictment Plea Agreement Letter
Page 2
May 6, 2021

4.  **Dismissal/No Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.  **Elements of the Offenses**: In order for defendant to be found guilty of **Bank Fraud** in violation of 18 U.S.C. § 1344, defendant agrees that the elements the government must prove beyond a reasonable doubt are: 1) the defendant knowingly carried out a scheme or plan to obtain money from Veristone Mortgage, LLC, by making false statements or promises; 2) the defendant knew the statements were false; 3) the statements were material, that is, they had a natural tendency to influence, or were capable or influencing, a financial institution to part with money; 4) the defendant acted with the intend to defraud, that is, the intent to deceive or cheat; and 5) Veristone Mortgage, LLC is a financial institution pursuant to 18 U.S.C. § 20.

In order for defendant to be found guilty of **Aggravated Identity Theft** in violation of 18 U.S.C. § 1028A, defendant agrees that the elements the government must prove beyond a reasonable doubt are: 1) the defendant knowingly used a means of identification of another person without lawful authority, 2) the defendant knew that the means of identification belonged to a real person, and 3) the defendant used the means of identification during and in relation to defendant's commission of bank fraud.

6.  **Factual Basis**: Defendant agrees that the competent and admissible evidence in this case establishes the elements of and his guilt for the offenses alleged in Counts 1 and 2 of the Information, as follows:

On June 14, 2016, Adult Victim ("AV") transferred title of 779 W Chestnut Street, Washougal, Clark County, Washington 98671 ("Washougal Property") to defendant's business entity Adult Care Search Inc. for one dollar. Since June 14, 2016 to the date of this agreement, defendant has not made mortgage payments on or resided at the Washougal Property. AV has continued to pay the mortgage at the Washougal Property since June 14, 2016.

Defendant executed a scheme to obtain funds under the custody and control of Veristone Mortgage, LLC, a financial institution, by means of false and fraudulent representations. On or about February 17, 2017, defendant executed and filed a Quitclaim Deed in Deschutes County, Oregon for the residential property located at 135 NE Telima Lane, Bend, OR ("Bend Property"). This deed purported to transfer the Bend Property from AV to defendant's business entity, Adult Care Search, Inc., for one dollar. Defendant contacted Veristone Mortgage, LLC seeking a loan in the amount of $316,092.33. As collateral for the loan, defendant granted a security interest in the Bend Property including all right, title, and interest to Veristone Mortgage, LLC. In truth and fact, AV, the true owner of the Bend Property, did not consent to

Jamie Kilberg
Re: Zamani Pre-Indictment Plea Agreement Letter
Page 3
May 6, 2021

the Quitclaim Deed transfer and was unaware of defendant's actions involving the Bend Property.

In conjunction with securing the loan on the Bend Property, Veristone Mortgage, LLC and NexTitle required defendant to provide a statement verifying that AV understood that AV deeded the Bend Property to Adult Care Search, Inc. for one dollar. Via an attachment to an email dated April 26, 2017, the defendant provided NexTitle with a typed note stating, in relevant part: "I, [AV], acknowledge and confirm the Quitclaim Deed transferring property to Adult Care Search, Inc." The note purported to be signed by AV and defendant represented it as such. In truth and fact, AV did not sign or see this statement. The defendant typed the statement and applied AV's signature without AV's consent in order to obtain the funds from the mortgage company. Based on defendant's false representations, Veristone Mortgage, LLC funded the loan in the amount of $316,092.33 and then transferred to defendant approximately $300,329.12, which is the funded loan amount minus closing costs, on or about April 27, 2017.

Defendant made three monthly payments on the interest due on the loan from Veristone Mortgage, LLC, but then ceased payments and eventually defaulted. Veristone Mortgage, LLC initiated foreclosure proceedings, resulting in a trustee's deed in favor of Veristone Mortgage, LLC for the subject property. AV later purchased the Bend Property from Veristone Mortgage, LLC for $400,000.

7. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8. **Relevant Conduct**: The parties agree that for purposes of this plea agreement, the loss caused by defendant's illegal conduct, including relevant conduct pursuant to U.S.S.G. §§ 1B1.3, is **$316,092.33**.

9. **Sentencing Guidelines Calculation**: The parties agree that the total loss caused by defendant's illegal conduct, including relevant conduct pursuant to U.S.S.G. §§ 1B1.3, is **$316,092.33**. The parties agree that the following sentencing guidelines calculation is accurate:

Count 1:

| Guideline Section | Offense Level |
| --- | --- |
| 2B1.1, base offense level | 7 |

Jamie Kilberg
Re: Zamani Pre-Indictment Plea Agreement Letter
Page 4
May 6, 2021

|  |  |
|---|---|
| 2B1.1(b)(1)(H), loss between $250,000 and $500,00 | 12 |
| 2B1.1(b)(10)(C), sophisticated means | 2 |
|  | 21 |

Count 2:

| Guideline Section | Offense Level |
|---|---|
| 2B1.6, Aggravated Identity Theft | 24 months' imprisonment |

10. **Contingent Nature of Plea Offer**: The following additional terms and conditions apply:

   a. **Option 1#:** If defendant meets the following condition, without variation, the government will agree to dismiss the Aggravated Identity Theft count set forth in Count 2 at or before the time of sentencing, and proceed to sentencing solely on the single count of Bank Fraud set forth in Count 1. The condition is as follows:
      - **Deed Condition**: Defendant must execute a quit claim deed rescinding Clark County Instrument Record 5293452 D, recorded June 15, 2016, and reinstating the previous owner of record as the owner of record for the property at 779 W Chestnut Street, Washougal, Clark County, Washington 98671. This quit claim deed must be finalized and a copy thereof provided to the government no later than ~~June 18, 2021.~~ September 3, 2021. [initials]

   b. **Option #2**: If defendant fails to meet the deed condition listed above in 10(a), the government will not dismiss the Aggravated Identity Theft Count and defendant will proceed to sentencing on both counts of the Information.

11. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

Jamie Kilberg
Re: Zamani Pre-Indictment Plea Agreement Letter
Page 5
May 6, 2021

12. **Sentencing Recommendation**: The USAO will recommend either of the two following options:

   a. **Option #1**: If the defendant fulfills the condition listed in paragraph 10(a) of this plea agreement, as to the Bank Fraud count, the government will recommend a sentence at the low-end of the resulting guidelines range, payment of restitution as provided for in this agreement, no fine, five years of supervised release, and the $100 fee assessment. Defendant may argue for any lawful sentence.

   b. **Option #2**: If the defendant fails to fulfill the condition listed in paragraph 10(a) of this plea agreement, as to the Aggravated Identity Theft count, the government will recommend the 24 month term of imprisonment required by statute, payment of restitution as provided for in this agreement, no fine, one year of supervised release, and the $100 fee assessment. As to the Bank Fraud count, the government will recommend a sentence within the resulting guidelines range, to be imposed consecutive to the Aggravated Identity Theft count, in addition to payment of restitution as provided for in this agreement, no fine, five years of supervised release, and the $100 fee assessment. Defendant may argue for any lawful sentence on the Bank Fraud count.

13. **Additional Departures, Adjustments, or Variances**: Defendant reserves the right to seek a downward variance from the applicable sentencing guidelines range determined by the Court, and the government reserves its right to oppose any such request. The basis for the variance is limited to the sentencing factors in 18 U.S.C. § 3553. Defendant agrees that, should defendant seek a downward variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

14. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18

Jamie Kilberg
Re: Zamani Pre-Indictment Plea Agreement Letter
Page 6
May 6, 2021

U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's convictions under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

15.  **Waiver of Indictment**: Defendant knowingly and voluntarily waives his right to present this case for indictment before a grand jury. Defendant further agrees to execute and file the Waiver of Indictment form AO 455 necessary to memorialize this waiver.

16.  **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report ("PSR") writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

17.  **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

18.  **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

19.  **Restitution**: Defendant agrees to pay restitution to AV in the amount of **$400,000**.

Defendant agrees to send to the Clerk of the District Court and to the U.S. Attorney's Office Financial Litigation Unit notice of payments sent directly to state departments of revenue and to the IRS, at the following addresses:

Jamie Kilberg
Re: Zamani Pre-Indictment Plea Agreement Letter
Page 7
May 6, 2021

        Office of the Clerk
        United States District Court
        740 United States Courthouse
        1000 Southwest Third Avenue
        Portland, OR  97204-2902

        U.S. Attorney's Office
        Financial Litigation Unit
        600 United States Courthouse
        1000 Southwest Third Avenue
        Portland, OR  97204-2902

      Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party.  Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office.  Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

      Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information.  Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

      The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

      Defendant agrees to notify the Financial Litigation Unit of the USAO, at the address listed in above in this section of the agreement, before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

      Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due and payable.  Defendant further understands and

Jamie Kilberg
Re: Zamani Pre-Indictment Plea Agreement Letter
Page 8
May 6, 2021

agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO immediately of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

17.     **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

18.     **Deadline**: This plea offer expires if not accepted by June 11, 2021 at 5:00 p.m.

                                                Sincerely,

                                                SCOTT ERIK ASPHAUG
                                                Acting United States Attorney

                                                */s/ Katherine Rykken*

                                                KATHERINE A. RYKKEN
                                                Assistant United States Attorney

Revised May 2018

Jamie Kilberg
Re: Zamani Pre-Indictment Plea Agreement Letter
Page 9
May 6, 2021

    I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

6/11/21
Date

ALIREZA ZAMANIZADEH
Defendant

    I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

6/11/2021
Date

JAMIE S. KILBERG
Attorney for Defendant